IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 3:14CR08–HEH |
| ) | |
| CEVIN MAURICE JOHNSON, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

On June 23, 2016, Petitioner, by counsel filed a motion to vacate under 28 U.S.C. § 2255. ("2255 Motion," ECF No. 52.) By Memorandum Order entered July 6, 2016, the Court explained the following:

> The Court notes that Johnson has not signed the § 2255 Motion. Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires that motions pursuant to 28 U.S.C. § 2255 "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing § 2255 Proceedings for the U.S. District Courts, Rule 2(b)(5). The Advisory Committee Notes to Rule 2(b) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, advisory committee notes, 2004 Amend. (citation omitted). The "'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.'" *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited . . . ." *Id.*
>
> To establish "next friend" standing:
> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on

> whose behalf he seeks to litigate, and it has been further
> suggested that a "next friend" must have some significant
> relationship with the real party in interest. The burden is on
> the "next friend" clearly to establish the propriety of his status
> and thereby justify the jurisdiction of the court.
>
> *Id.* (quoting *Whitmore*, 495 U.S. at 163–64).
>
> The current submissions fail to demonstrate that counsel qualifies as a "next friend" for Petitioner. Counsel fails to demonstrate why Petitioner cannot sign a motion seeking relief under 28 U.S.C. § 2255. *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012); *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11the Cir. 2007); *Tate v. United States*, 72 F. App'x 265, 267 (6th Cir. 2003). Accordingly, within fifteen (15) days of the date of entry hereof, counsel is directed to file a 28 U.S.C. § 2255 motion that is signed under penalty of perjury by Petitioner.

(ECF No. 53, at 1–2.) More than fifteen days have expired since the entry of the July 6, 2016 Memorandum Order and neither counsel, nor the Petitioner, filed a § 2255 motion that is signed under penalty of perjury by Petitioner. Accordingly, the action will be dismissed without prejudice. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 27, 2016
Richmond, Virginia

2